1

2

3

4          IN THE UNITED STATES DISTRICT COURT FOR THE

5              EASTERN DISTRICT OF CALIFORNIA

6

7   KRISTA GARCIA, by and through her          )      1:08-cv-1924  AWI DLB
    guardian ad litem Lorraine Marin,          )
8                                              )      ORDER FOR ADDITIONAL
            Plaintiff,                         )      BRIEFING REGARDING
9                                              )      POSSIBLE APPLICATION OF
        v.                                     )      28 U.S.C. § 1367(c)
10                                             )
    CLOVIS UNIFIED SCHOOL                      )
11  DISTRICT, DOUGLAS BURNS, BARRY             )
    JAGER, GREG BASS, ANN-MAURA                )
12  CERVANTES, MAI YIA MOUA, and               )
    DOES 1 through 20, inclusive,              )
13                                             )
            Defendants.                        )
14                                             )
                                               )
15  _____)

16

17

18          Currently pending before the Court for decision is a motion to dismiss by all Defendants,

19  except Defendant Douglas Burns.  There are currently thirteen causes of action in this case, only

20  two of which are federal claims.[1]  The state claims include four intentional torts, two violations

21  of the California Education Code, three negligence causes of action, one negligence *per se* claim,

22  and one claim under California Civil Code § 51.9.[2]  The two federal claims are a Title XI sexual

23

24      [1]The Complaint actually alleges fourteen causes of action.  However, Plaintiff concedes that the last cause
    of action, a 42 U.S.C. § 1983 claim against the School District, is not cognizable.  See Plaintiff's Opposition at p. 20.

25      [2]Plaintiff cites Hughes v. Pair, 154 Cal.App.4th 1469 (2007), for the proposition that sexual harassment
    under California Civil Code § 51.9 is to be interpreted consistently with FEHA and Title VII.  Plaintiff's Opposition
26  at p. 12.  However, the California Supreme Court granted review of *Hughes* on November 28, 2007.  See Hughes v.
    Pair, 171 P.3d 545 (Cal. 2007).  It appears that the California Supreme Court is reviewing whether FEHA and Title
27  VII jurisprudence regarding sexual harassment should be utilized under Civil Code § 51.9.  See Hughes v. Pair, 2008
    CA S. Ct. Briefs LEXIS 848, *2 (Feb. 8, 2008);
28  http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=495529&doc_no=S157197.

harassment claim against only the School District and a 42 U.S.C. § 1983 claim against only Burns for violating Plaintiff's "rights guaranteed by the United States Constitution and law of the United States of America to be free from sexual discrimination and sexual harassment." Complaint at pp. 12-13.

Upon further review, the Court believes that additional briefing is necessary.  Under 28 U.S.C. § 1367(c) , a Court may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, the court has dismissed all claims over which it has original jurisdiction, or other compelling reasons exist in exceptional circumstances.  28 U.S.C. § 1367(c); Executive Software N. Am. v. United States Dist. Ct., 24 F.3d 1545, 1556-60 (9th Cir. 1994).  A Court may raise a § 1367(c) issue *sua sponte*.  See Acri v. Varian Assocs., 114 F.3d 999, 1001 n.3 (9th Cir. 1997); RE-Sources for Sustainable Cmtys. v. Bldg. Indus. Ass'n, 2008 U.S. Dist. LEXIS 46108, *8-*9 (W.D. Wash. June 11, 2008).  With the exception of § 1367(c)(3), given the claims and arguments presented, it appears to the Court that 28 U.S.C. § 1367(c) may apply.  Cf. Betancourt v. Marine Cargo Mgmt., 930 F.Supp. 606 (S.D. Fla. 1996).  In light of this concern, the Court will order limited briefing on this issue.


Accordingly, IT IS HEREBY ORDERED that:

1.      The parties are to file separate briefs regarding the application of 28 U.S.C. § 1367(c) to this case on or by February 24, 2009;

2.      The parties are to then file separate responding briefs on or by March 3, 2009.


IT IS SO ORDERED.

**Dated:   February 13, 2009**                        **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE

2