IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA GARCIA, by and through her guardian ad litem Lorraine Marin,<br><br>                 Plaintiff,<br><br>          v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT, DOUGLAS BURNS, BARRY JAGER, GREG BASS, ANN-MAURA CERVANTES, MAI YIA MOUA, and DOES 1 through 20, inclusive,<br><br>                 Defendants. | 1:08-CV-1924  AWI DLB<br><br>**ORDER ON DEFENDANTS' RULE 54(b) MOTION** |

  This case was removed from the Fresno County Superior Court on the basis of federal question jurisdiction.  Plaintiff Krista Garcia ("Garcia"), through her guardian ad litem, alleges numerous causes of action against the Clovis Unified School District ("CUSD") and several of its employees/administrators.[1]  Garcia's claims stem from conduct by her former teacher Douglas Burns ("Burns") and CUSD's response to Burns's conduct.  CUSD moves under Rule 54(b) for entry of judgment based on the Court's order on Defendants' second motion to dismiss.  For the reasons that follow, the motion will be granted.

## BACKGROUND

  On September 14, 2009, the Court dismissed Garcia's first (assault), second (battery),

---

[1] Defendant Greg Bass was voluntarily dismissed from this case under Rule 41(a)(1).

third (false imprisonment), fourth (intentional infliction of emotional distress), sixth (California Education Code §§ 201(c), 212.5 – sexual harassment), seventh (California Education Code §§ 201(f), 212.5 – failure to prevent), and twelfth (20 U.S.C. § 1681(a)) causes of action against CUSD. The ninth (negligent supervision) and eleventh (negligent hiring/retention) causes of action against CUSD were partially dismissed.[2] The Court concluded that the allegations and the documents that were incorporated by reference showed that CUSD was not deliberately indifferent to Garcia's claims, CUSD did not have a policy of deliberate indifference regarding claims of inappropriate sexual conduct by its staff, and CUSD did not ratify Burns's conduct. See Court's Docket Doc. No. 51 ("the Order"). The claims that remain against CUSD are the eighth (vicarious liability for negligence *per se* through violation of California Penal Code § 11166), the ninth (negligent supervision of Burns after April 1, 2008), the tenth (negligent training), and the eleventh (negligent hiring/retention of Burns after April 1, 2008) causes of action. In a previous dismissal, the Court remanded Plaintiff's California Civil Code § 51.9 cause of action to the Fresno County Superior Court. See id. at Doc. No. 35. CUSD now moves to finalize the Order under Rule 54(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that final entry of judgment should be made on individual claims in multiple claim suits upon an express determination that there is no just reason for delay. Fed. R. Civ. Pro. 54(b);[3] AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006). In making a determination under Rule 54(b), a court must

---

[2] Garcia voluntarily withdrew these two causes of action in relation to all individual defendants except Burns. The Court denied the dismissal of these causes of action in relation to Burns, but otherwise granted dismissal.

[3] In its entirety, Rule 54(b) reads:

When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956); Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005). "The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts." Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1316 (9th Cir. 1979); CMAX, Inc. v. Drewry Photocolor Corp., 295 F.2d 695, 697 (9th Cir. 1961). Second, the court must determine whether there is any just reason for delay. Curtiss-Wright, 446 U.S. at 7; Wood, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Curtiss-Wright Corp., 446 U.S. at 8; Sears, Roebuck, 351 U.S. at 437; Wood, 422 F.3d at 878. A court's application of Rule 54(b) should preserve "the historic federal policy against piecemeal appeals." Curtiss-Wright, 446 U.S. at 8; Sears, Roebuck, 351 U.S. at 438; Wood, 422 F.3d at 878-79. The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." Wood, 422 F.3d at 880; Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir.1987). "[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'" Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009). However, the less complex a case and the greater the factual issues overlap, then greater will weigh the similarity of legal or factual issues against certification. See Wood, 422 F.3d at 881; Morrison-Knudsen v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Further, although Rule 54(b) should not be used to promote a race to judgment, Rule 54(b) certification may be used to produce a *res judicata* effect in another forum, especially where a district court "must either become inactive or incur the risk of wasting its efforts." Continental Airlines, 819 F.2d at 1525; see Shamley v. ITT Corp., 869 F.2d 167, 170 (2d Cir. 1989). The court is to make specific findings that set forth the reasons for granting a Rule 54(b) motion. In re Lindsay, 59 F.3d 942, 951 (9th Cir. 1995).

**DEFENDANTS' MOTION**

*Defendant's Argument*

CUSD argues that the Ninth Circuit permits a Rule 54(b) motion to give an order collateral estoppel effect.  Garcia is trying to relitigate issues that this Court has twice ruled upon. The Fresno County Superior Court issued a ruling on June 30, 2009, on a demurrer to the § 51.9 cause of action.  The state court declined to decide on a demurrer whether Title IX standards apply to a § 51.9 claim against a school district, found that deliberate indifference had been sufficiently pled because Garcia made a report to the secretary Ms. Woods and deliberate indifference is usually a fact based question, this Court had granted leave to amend on the ratification theory, and this Court's first dismissal order could not act as collateral estoppel since it was not a final order.  It appears that the state court is disregarding this Court's holdings that the earliest CUSD had knowledge was April 1, 2008, Ms. Woods is not an "appropriate person" under Title IX, CUSD did not act with deliberate indifference, CUSD did not ratify Burns's conduct, and CUSD is not liable for student-on-student harassment.  Instead of deciding the § 51.9 issues, the state court is allowing relitigation.  The only way to avoid relitigation and wasting this Court's work is through a Rule 54(b) judgment.

Further, the claims that remain active in this Court are distinct and severable from the claims for which judgment is requested.  For example, the claims that remain against Burns are distinct because CUSD's liability depends on its response to that conduct.  CUSD's response has no bearing on whether Burns actually assaulted, battered, falsely imprisoned, etc. Garcia.

*Plaintiff's Opposition*

Garcia states that there are three reasons why the motion should be denied.  First, "[a]lternative theories of recovery substantially overlap; therefore, partial adjudication is not possibly appealed."  Opposition at p.4.  Second, it "would be inequitable to grant this motion because [Garcia] is preparing a motion for reconsideration of [the Order]."  Id.  A declaration from Garcia's counsel indicates that discovery has revealed new evidence that was previously unavailable.  Garcia's counsel states that a motion for reconsideration "should be filed by the end of October, if not sooner" because he is awaiting deposition transcripts.  Id. at p.2.  Finally, the

premise of the District's motion is incorrect because the Order cannot act as collateral estoppel. In order to establish collateral estoppel, a party must show that the issue was actually litigated and that evidence was not restricted. <u>Barker v. Hull</u>, 191 Cal.App.3d 221, 226 (1987). Because the motion was presented as a pleading motion before discovery, the evidence was quite literally restricted.

*Discussion*

Garcia is relying on three reasons for the Court to deny CUSD's motion. With respect to the argument that granting the motion would be inequitable because a motion for reconsideration is imminent, that argument is unpersuasive. Garcia's counsel states that he has discovered new evidence, but he does not describe the content of the new evidence or in any way indicate how it would warrant reconsideration. Moreover, it is now two weeks into December, over a month removed from the end of October, yet Garcia has filed no motion for reconsideration. Without the filing of the motion or at least a sworn description of the evidence that would call the Court's rulings into question, counsel's unfulfilled intention and general statement about new evidence is not a sufficient reason to deny CUSD's motion.

With respect to the argument that there are alternative theories of recovery that substantially overlap, that argument is conclusory and not explained by Garcia. With the exception of the negligence claims that were voluntarily withdrawn by Garcia, the claims that were dismissed against CUSD all deal with CUSD's response to reports of a teacher's improper sexual conduct. In contrast, the causes of action that remain against CUSD deal with its conduct in hiring Burns, its conduct in supervising Burns between April 1 and May 15, its conduct in training employees regarding California Penal Code § 11166 reporting, and its vicarious liability for the failure of its employees to make a § 11166 report. Half of the remaining causes of action against CUSD deal with conduct that pre-date the incidents with Garcia and Burns. The other two (negligent supervision and vicarious liability for failing to report) do not affect ratification or deliberate indifference. Even if CUSD negligently supervised Burns between April 1 and May 15, that does not change the facts/conduct by CUSD that show CUSD did not adopt Burns's conduct as its own. Nor would negligent supervision between April 1 and May 15 change the

facts that show CUSD did not expose Garcia to harassment or make her more vulnerable to it. Thus, the remaining causes of action are all negligence based and have different factual bases from the dismissed causes of action. In terms of the causes of action against Burns, those claims are based on his direct actions against Garcia. Assuming that all of the allegations against Burns are correct, such conduct would not create liability against CUSD. Instead, liability would depend on CUSD's response to the claims of improper sexual conduct, i.e. did CUSD act deliberately indifferent and did CUSD ratify. In other words, liability against CUSD requires a different factual predicates than that required for liability against Burns. Therefore, the factual bases for the causes of action that remain are significantly different from the factual bases of the causes of action that have been dismissed. As such, the Court concludes that the this case contains multiple claims and the causes of action that have been dismissed are "separate claims" from those causes of action that remain. See Purdy, 594 F.2d at 1316. Garcia's argument regarding significant overlap is not persuasive.

With respect to the final argument, it is not apparent that collateral estoppel would not apply to the Order. The grant of a motion to dismiss or a general demurrer based on substantive grounds, as opposed to "technical or formal defects," is considered a judgment on the merits and will be given *res judicata* effect.[4]  See Palomar Mobilehome Park Assn. v. San Marcos, 989 F.2d 362, 364 (9th Cir. 1993); Moore v. Navarro, 2004 U.S. Dist. LEXIS 6039, *21-*22 (N.D. Cal. Mar. 31, 2004); Crowley v. Modern Faucet Mfg. Co., 44 Cal.2d 321, 323 (1955); Goddard v. Security Title Ins. & Guar. Co., 14 Cal.2d 47, 52 (1939) (analyzing a demurrer order issued by a federal court); Berman v. Aetna Cas. & Surety Co., 40 Cal.App.3d 908, 912 (1974); 7 Witkin, Cal. Procedure, Judgement § 375 (5th ed. 2008). (hereinafter "Witkin"). Assuming that the order is sufficiently specific and "substance based," it is unclear why such an order on a general demurrer or motion to dismiss for failure to state a claim would be given *res judicata* effect, but not collateral estoppel effect.

---

[4] The cases cited deal with a "general demurrer." However, the "motion to dismiss for failure to state a claim is the federal equivalent of the general demurrer." Bach v. County of Butte, 147 Cal.App.3d 554, 563 n.7 (1983).

6

Also, California courts appear to have adopted Comment d of the Restatement of Judgments (Second).  See Murphy v. Murphy, 164 Cal.App.4th 376, 400-01 (2008); Barker v. Hull, 191 Cal.App.3d 221, 226 (1987); Witkin at § 416.  The Restatement and Comment d read in pertinent part:

> When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated … . An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment … [,] a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.

Rest.2d, Judgments § 27 & Comment d; see Murphy, 164 Cal.App.4th at 400-01; Barker, 191 Cal.App.3d at 226; Witkin at § 416.  By this authority, an order on a motion to dismiss for failure to state a claim is expressly acknowledged as a basis for collateral estoppel.  See id.

Garcia's argument rests largely on *Barker*, which dealt with an order from a motion to vacate a default judgment.  *Barker* discussed three other state cases (that also involved motions to vacate/set aside a judgments) and then quoted Restatement (Second) § 27, Comment d.  See Barker, 191 Cal.App.3d at 225-26.  *Barker* then stated, "we think the appropriate principle is that, while the party urging the estoppel must prove that the issue was actually litigated and that evidence was not restricted, he need not establish that any particular type of evidence, such as oral testimony, was presented." Id. at 226.  There is a tension between the statement that the "evidence was not restricted" and the rule that an order on a motion to dismiss for failure to state a claim may form the basis for collateral estoppel because a motion to dismiss is generally decided (with some exceptions) on the face of the complaint.  See Fed. R. Civ. Pro. 12(d); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); cf. Hahn v. Mirda, 147 Cal.App.4th 740, 747 (2007) (discussing general demurrers).  That is, the evidence that may be considered in making such a ruling would seem to be limited or "restricted."  Since evidence is limited in the context of a Rule 12(b)(6) motion, it makes no sense to quote language that a ruling on a motion to dismiss for failure to state claim can form the basis of collateral estoppel.  Perhaps recognizing this tension, directly after quoting Comment d/*Barker*, Witkin explains, "It is not necessary that 'an exhaustive adversarial hearing' be held *on a motion to vacate* in order to preclude relitigation

7

of an issue." Witkin at § 416 (emphasis added). Witkin then quotes *Barker*'s language regarding "restricted evidence." See id. This suggests a possible limitation of *Barker*. Additionally, in citing *Barker* and discussing a case that dealt with an order on a motion to set aside a default judgment (*Groves*), a recent California decision has explained:

> The reason for limiting collateral estoppel in this context, as explained by the *Groves* court, is that information needed to decide the merits of the request to set aside the default may well require compelled testimony from the opposing party regarding its efforts to serve the summons and complaint. (See Groves v. Peterson, supra, 100 Cal.App.4th at pp. 667–668). In marked contrast, the question of the reasonable amount of attorney fees incurred by a prevailing party in litigation is typically determined based on declarations submitted by the parties and their counsel, as it was here. Absent exceptional circumstances indicating there was no opportunity for a full presentation of the issue in the context of the motion for fees, such a determination meets the "actually litigated" requirement for application of collateral estoppel. (See Barker v. Hull (1987) 191 Cal.App.3d 221, 226 ["while the party urging the estoppel must prove that the issue was actually litigated and that evidence was not restricted, he need not establish that any particular type of evidence, such as oral testimony, was presented"]; see also Benasra v. Mitchell (2002) 96 Cal.App.4th 96, 113 ["'collateral estoppel should not be applied if there was no opportunity for a full presentation of the issue in the first proceeding'"].)

Jackson v. Yarbray, 179 Cal.App.4th 75, 95 (2009). *Jackson* suggests that "restricts" means that there was not an opportunity for a full presentation of the issue within the procedural framework of the particular motion. See id.

In deciding a motion to dismiss for failure to state a claim, a court may consider the allegations in the complaint, documents attached to the complaint, evidence that may be judicially noticed, and external documents that are "incorporated by reference" in the complaint. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee, 250 F.3d at 688-89; cf. Qualcomm, Inc. v. Certain Underwriters at Lloyd's, London, 161 Cal.App.4th 184, 188 n.1 (2008) (stating similar rules for general demurrer). It is unknown how the presence of additional evidence would be necessary for determining whether a complaint states a viable claim, or how the absence of other types of evidence would prevent a full presentation of that issue. It is not sufficiently clear that the Order would have no collateral estoppel effect such that denial of the Rule 54(b) would be appropriate.

As discussed above, the causes of action that the Order dismissed have distinct and separate factual bases than causes of action that remain. The case contains separate claims and it

is not apparent that the Ninth Circuit would have to review the same claims twice or that it would be advisable for the Ninth Circuit to review all of the separate claims in one appeal. A final judgment on these claims would make this case less cumbersome. Additionally, the Order dismissed the claims on substantive grounds – the allegations and the documents incorporated by reference affirmatively show no deliberate indifference or ratification by CUSD. Finally, Garcia does not challenge CUSD's characterization that she is attempting to relitigate issues in state court that this Court has already decided. Cf. Continental Airlines, 819 F.2d at 1525. As such, the Court concludes that there is no just reason for delay in finalizing the Order. The Court will grant the CUSD's motion.

Accordingly, IT IS HEREBY ORDERED that:
1. CUSD's Rule 54(b) motion is GRANTED; and
2. The Court's rulings in the Court's September 18, 2009, order on Defendants' motion to dismiss Plaintiff's first amended complaint (Court's Docket Doc. No. 228) as to the first, second, third, fourth, sixth, seventh, and twelfth causes of action alleged against CUSD are final for purposes of Rule 54(b).

IT IS SO ORDERED.

**Dated:   December 17, 2009**           /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE